the terms of the constitution, which only "extends the judicial power" to an action between an alien and a citizen of a state of the United States. When both plaintiff and defendant are aliens, the judicial power of the United States does not extend to the case. Montalet v. Murray, 4 Cranch [8 U. S.] 46; Mossman v. Higginson, 4 Dall. [4 U. S.] 12; Piquignot v. Pennsylvania Ry. Co., 16 How. [57 U. S.] 104. But the second part of this plea in abatement assumes, that if the party defendant is an alien or subject to a foreign state, the court has no jurisdiction. This assumption is not warranted by the constitution or judiciary act, but is in direct contradiction of both. If the action is between a citizen of a state and the subject of a foreign state, the court has jurisdiction. It is immaterial which party is plaintiff or which defendant. In Jackson v. Twentyman, 2 Pet. [27 U. S.] 136, the court says: "That by the constitution the judicial power was not extended to private suits in which an alien is a party, unless a citizen be the adverse party." The case at bar comes within the latter alternative. Admitting the facts as affirmatively stated in the plea, the court has jurisdiction, because the plaintiff is a citizen of the state of Massachusetts, and the defendants, Soo Chung, Hip Hing and Kroning, are subjects of a foreign state. The action is between them and each is the adversary of the other. Then, whether these defendants are all citizens of the state of California, as alleged in the complaint, or a part of them are subjects of a foreign state, as averred in the plea, it makes no difference. The jurisdiction of the court is undoubted in either case.

I may add, that as a question of pleading, the plea is otherwise insufficient, as to Kroning. It alleges that he is an alien. To allege that a party is alien is not sufficient to give jurisdiction to the court. Wilson v. City Bank [Case No. 17,797]. By a parity of reasoning such an averment is not sufficient in a plea of abatement for the purpose of preventing the jurisdiction of the courts. The language of the constitution is, that the party is a citizen or subject of a foreign state. As a matter of practice I think the plea ought also to disclose the name of the particular foreign state of which the party claims to be a citizen or subject, so as to give the adverse party an opportunity to traverse it. The demurrer is sustained, with leave to the defendants joining in the plea in abatement to answer to the merits within five days, and upon the payment of the costs of the plea and demurrer.

### Case No. 6,510a.

**HINCKLEY et al. v. The NORTHUMBERLAND.**

[See Case No. 6,511.]

### Case No. 6,511.

**HINCKLEY et al. v. The NORTHUMBERLAND.**

[16 Hunt, Mer. Mag. 386.]

District Court, S. D. New York. March 3, 1847.

#### COLLISION—CONVERGING COURSES.

[Where one of two vessels upon a converging course commits the fault of luffing instead of keeping away, no damages will be awarded for the consequent collision, where the evidence shows that the other vessel maintained her course, and did not give way.]

[Libel in admiralty by Joseph Hinckley and others against the ship Northumberland (John Griswold, claimant), for $6,000 damages.]

This was a case of collision between the packet Northumberland and the schooner Louisa, which occurred during a bright moonlight night, off Long Island, Montauk Point, bearing N. N. E. distant forty miles, and the nearest land twenty-nine miles. The schooner was deep with coal, and sunk alongside in five minutes; her crew barely saving their lives, and some of them being hauled out of the water after she went down. Both vessels were alleged to have been close hauled—the ship on the starboard, the schooner on the larboard tack. Both were made out on the lee bow of each other, on converging courses, and at the distance of about two miles, and each supposed to be to windward of the other's track, (the ship going at the rate probably of five, the schooner at four, knots.) The schooner held on without altering her course, as did the ship, until within a few of her lengths from the schooner, when she ported her helm, and came into the wind, striking the schooner between her fore and main rigging. If the ship had not luffed, she might have cleared the schooner's stern or struck her abaft her beam and near her stern; if kept away, she would have apparently cleared the schooner.

Daniel Lord, Jr., and B. D. Silliman, for libelants.

Ogden Hoffman, W. I. Morton, and O. Hoffman, Jr., for the Northumberland.

THE COURT (BETTS, District Judge) held, that the ship committed a fault in not keeping away instead of luffing; but such fault having been induced by the wrongful act of the schooner, in maintaining her course and not giving way in time, affords no ground for the schooner to demand damages or remuneration therefor.

Libel dismissed, with costs to be taxed.

HINCKLEY (ROBINSON v.). See Case No. 11,954.